**Bilal Muhammad ALI,
Plaintiff–Appellant,**

v.

**Max HIGGS, et al.,
Defendants–Appellees.**

No. 89–1981
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1990.

Bilal Muhammad Ali, Palestine, Tex., pro se.

No appearance for defendants-appellees.

Appeal from the United States District Court for the Western District of Texas.

Before WILLIAMS, HIGGINBOTHAM, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The plaintiff, Bilal Muhammad Ali, appeals from the district court's dismissal without prejudice, under 28 U.S.C. § 1915(d), of his civil rights complaint filed in forma pauperis and pursuant to 42 U.S.C. § 1983. For reasons different from those relied upon by the district court, we affirm the dismissal but modify it so that it is a dismissal with prejudice.

The instant complaint was filed in 1989 and concerns events related to a 1982 arrest. The district court dismissed on the ground that since Ali was still in custody for a conviction arising out of that arrest, he must exhaust his habeas corpus remedies as a predicate to pursuing a civil rights suit. On appeal, Ali asserts that he has in fact exhausted his state and federal habeas remedies. We need not address the validi-

ty of this contention, however, as Ali also avers, in his brief on appeal, that his current confinement results from a conviction that is unrelated to the arrest of which he complains and is for an offense committed in a county different from that of the 1982 arrest.

█ Thus, we are presented with a suit filed in 1989 on the basis of an incident occurring in 1982. On its face, the action appears to be barred by the applicable statute of limitations. It is well established that federal courts borrow the forum state's general personal injury limitations period. *Owens v. Okure,* —— U.S. ——, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989). In Texas, the applicable period is two years. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986).

█ Here, the running of the statute was never tolled by imprisonment under the Texas tolling statute, as it existed in 1982, *see* former Tex.Rev.Civ.Stat.Ann. art. 5535, because Ali was not convicted, and hence was never imprisoned, for the 1982 incident. Hence, under article 5535, he was not under a legal disability when the cause of action accrued in 1982.

Also, as we have explained in *Burrell v. Newsome,* 883 F.2d at 419 n. 3, the successor statute to article 5535, Tex.Civ.Prac. & Rem.Code Ann. § 16.001, was amended, effective September 1, 1987, to delete imprisonment as a disability in regard to the running of limitations and to provide that a period that was tolled as of August 31, 1987, began to run on September 1, 1987.[1] Ali's suit was filed on October 6, 1989. So even if, *arguendo,* limitations was tolled as of August 31, 1987, more than two years elapsed thereafter before Ali filed the instant suit.

█ We note as well, to make the history of the instant matter complete, that this is far from Ali's first visit to the federal courthouse. In 1985, he filed a civil rights complaint regarding the 1982 arrest; it was

---

**1.** The metamorphosis of the Texas tolling provision is set forth in helpful detail in *Burrell,* 883 F.2d at 418–19 & nn. 2, 3.

dismissed when Ali failed to respond to the district court's order to file a more definite statement. In 1988, he filed a second complaint regarding the events of 1982; the district court dismissed on the ground of res judicata, and we affirmed. *See Ali v. Pennock*, 866 F.2d 1418 (5th Cir.1989) (per curiam) (unpublished). Now, Ali appears to desire a third bite at the apple.

Although the defenses of limitations and res judicata are obvious here, we are faced with the maxim that such matters are affirmative defenses that usually must be raised by the defendants in the district court. *FMC Finance Corp. v. Murphree*, 632 F.2d 413, 419 (5th Cir.1980). In *Burrell*, 883 F.2d at 418, we noted an exception to that rule, *to-wit*, that we can consider a defense on appeal where it has been raised *sua sponte* by the district court.

Here, the district court dismissed the complaint on other grounds and did not consider the viability of the res judicata or limitations defense. However, we conclude that in an action proceeding under section 1915(d), we may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court. In so doing, we are following consistently the special treatment given to section 1915(d) suits.

We analyzed the role of the district courts in section 1915(d) cases in *Green v. McKaskle*, 788 F.2d 1116, 1119–21 (5th Cir. 1986). Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer. It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte. In *Green*, we emphasized the need for efficiency in this process:

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litiga-

tion), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir.1985)].

788 F.2d at 1120.

It would hardly serve the interests set forth above to remand, either for the district court to address defenses sua sponte or to require the defendants to answer and appear, where, as here, the affirmative defenses are both obvious and facially meritorious. At least to this extent, a court of appeals should have latitude in the absence of the defendant, as does the district court, to effect the salutary principles of section 1915(d) by ending the litigation where the plaintiff has no basis on which to succeed.

Thus, we hold that plaintiff's action is barred by limitations, and we note that absent such bar it would be precluded by res judicata. The district court dismissed without prejudice, but in light of our holding today the dismissal must be with prejudice. The judgment is AFFIRMED AS MODIFIED.