**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-10240
Summary Calendar
_____

ANGELO DEWELL BRANCH,

Plaintiff-Appellant,

VERSUS

CITY OF DALLAS, TEXAS, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:89cv02246)
_____
(September 28, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Angelo Dewell Branch, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his suit against Dallas County Police Officer T.L. Little and Dallas County Sheriff Jim Bowles. Branch, a Texas prison inmate, sought a declaratory judgment and damages under 42 U.S.C. § 1983 alleging that he was arrested and detained without probable cause. The court granted summary judgment to Little on the basis of qualified immunity and dismissed the suit against Bowles on the basis of limitations.

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Branch also appeals the court's denial of his motion for partial summary judgment against Little.  We affirm.

BACKGROUND

Officer Little spotted Branch walking in the same area that a murder was committed one week earlier.  Little knew of an eyewitness's description of the murder suspect:  African-American male, 6 feet tall, slim build (155-175 pounds), 23 to 28 years old, wearing a white dress shirt and dark dress pants.  Little described Branch as "a slim black male, weighing between 155 and 175 pounds, appearing to be between the age of 23 to 28 years.  His hair was not long and he was wearing a white dress shirt and dark dress pants."  Branch stared intently at Officer Little when he drove past.  Little stopped the car, stepped out, and asked Branch where he was going.  Branch responded that he was going to a homeless shelter in the area and showed identification to Little.  Little cleared Branch's identification with police dispatch and then handcuffed him, patted him down, and drove him to the police station.[2]

The date of Branch's arrest was October 31, 1987.  He filed suit against Little and the City of Dallas on September 1, 1989.  On February 15, 1990, the court dismissed the City from the case and held Branch's suit against Little in abeyance for nine months so that Branch could exhaust state habeas corpus remedies.  Subsequently, the court dismissed the suit against Little without

---

[2]  The murder eyewitness identified Branch in a photographic lineup later that evening.  A jury then convicted Branch of the murder.

prejudice. After Branch exhausted his state and federal habeas remedies, the district court reopened his case on February 9, 1993. The court then allowed Branch to file an amended complaint, in which he named Bowles as a defendant.

                              DISCUSSION

We review a district court's dismissal of a case under Federal Rule of Civil Procedure 12 or grant of summary judgment under Rule 56 de novo. Fernandez-Montes v. Allied Pilots' Ass'n, 987 F.2d 278, 284 (5th Cir. 1993); Weyant v. Acceptance Ins. Co., 917 F.2d 209, 212 (5th Cir. 1990).

                                   I.

The district court granted summary judgment to Little on the basis of qualified immunity. The court determined that a material issue of fact existed concerning whether Branch consented to his transportation to the police station for further questioning. Nevertheless, the court held that Little was entitled to qualified immunity because a reasonable officer could have believed that he had probable cause to make the arrest.

Because Branch alleges the violation of a clearly established constitutional right))the right to be free from arrest without probable cause))we consider whether Little's arrest of Branch was objectively reasonable as measured by the law existing at the time of the arrest. See Rankin v. Klevenhagen, 5 F.3d 103, 105, 108 (5th Cir. 1993). An officer has probable cause to arrest when he knows of reasonably trustworthy information that would cause a reasonable person to believe that an offense has been or is being

                                    3

committed.  <u>United States v. Fortna</u>, 796 F.2d 724, 739 (5th Cir.), <u>cert. denied</u>, 479 U.S. 950 (1986).  We analyze probable cause under the totality of the circumstances, and the officer's belief need not be correct nor more likely true than false.  <u>United States v. Antone</u>, 753 F.2d 1301, 1304 (5th Cir.), <u>cert. denied</u>, 474 U.S. 818 (1985).

A reasonable officer in Officer Little's shoes could believe that he was justified in arresting Branch.  Little knew of the eyewitness's description of the murder suspect, and Branch closely matched that description.  Further, Little spotted Branch walking near the site of the murder, and Branch glared at Little when he drove past.  We agree with the district court that Officer Little's arrest of Branch was objectively reasonable under the circumstances.[3]

## II.

The district court dismissed Branch's suit against Bowles on account of limitations.  Since no federal statute of limitations exists for § 1983 actions, we borrow the forum state's general personal injury limitations period.  <u>Ali v. Higgs</u>, 892 F.2d 438, 439 (5th Cir. 1990).  The applicable period in Texas is two years.  **Tex. Civ. Prac. & Rem. Code** § 16.003(a) (West 1986).  Both parties agree that the cause of action accrued on the day of the arrest.  Without tolling, therefore, the limitations period for suit against Bowles expired on October 31, 1989.

---

[3]  Because we agree with the district court on the issue of qualified immunity, we need not consider the court's denial of Branch's motion for partial summary judgment.

4

Branch first argues that the district court's order holding the case in abeyance tolled the limitations period. The district court's order, however, was entered months after the limitations period had expired. Consequently, the district court's order could not toll the limitations period.

Branch also argues that his amended complaint, because he filed it before Little filed his original answer, relates back to the date the complaint was filed. When a party names a new party in an amended complaint, the amended complaint relates back to the date of the original pleading when the named party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have brought against the party." **Fed. R. Civ. P.** 15(c)(3)(B). Branch named Bowles as a new and additional defendant to the suit. Branch has not pointed to any mistake on his part concerning the identity of the proper party. Consequently, his amended complaint does not relate back to his original pleading, so his claims against Bowles are barred by limitations.

## CONCLUSION

For the foregoing reasons, the district court's actions are AFFIRMED.

5