**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-20023
Summary Calendar**
_____

**DARRIS D. TEEL,**

**Plaintiff-Appellant,**

**versus**

**NFN WALKER, Nurse; BURKHACTER,
Nurse, CHASTAIN, Dr's Assistant;
OWENS, Officer; COCHETT, Officer;
GOMEZ, Reg. Dir.,**

**Defendants-Appellees.**

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-302
--------------------
March 21, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Darris D. Teel, Texas state prisoner # 656908, argues that the district court abused its discretion in dismissing his complaint for want of prosecution because the Texas prison officials refused to comply with the district court's orders to assist Teel in properly submitting his in forma pauperis (IFP) application.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's <u>sua</u> <u>sponte</u> dismissal of an action for failure of a plaintiff to prosecute or to comply with any court order is reviewed for an abuse of discretion. Fed. R. Civ. P. 41(b); <u>Gonzales v. Firestone Tire & Rubber Co.</u>, 610 F.2d 241, 247-48 (5th Cir. 1980). A Rule 41(b) dismissal with prejudice is considered an extreme sanction which is warranted only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution. <u>Berry v. CIGNA/RSI-CIGNA</u>, 975 F.2d 1188, 1191 (5th Cir. 1992).

If a plaintiff's action would be barred by a statute of limitations, such as in the instant case, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice. <u>McNeal v. Papasan</u>, 842 F.2d 787, 793 n.1 (5th Cir. 1988); <u>Owens v. Okure</u>, 488 U.S. 235, 243-48 (1989); <u>Ali v. Higgs</u>, 892 F.2d 438, 439 (5th Cir. 1990).

The record reflects that the district court gave Teel several opportunities to comply with its orders to provide the necessary documentation authorizing the payment of the filing fee in installments from his inmate trust fund. However, it is not clear from the record whether Teel's failure to comply with the orders was the result of his lack of diligence or because prison officials failed or refused to process his withdrawal authorization form.

The district court abused its discretion in dismissing Teel's complaint without obtaining evidence, by affidavit or otherwise, with respect to who was responsible for the lack of

compliance with its orders. Therefore, the district court's dismissal of the complaint is VACATED, and the case is REMANDED to the district court for further consideration of this issue.

In so doing, we note that since the case was filed, Teel has become subject to the "three-strikes" bar of in forma pauperis prisoner litigation. See Teel v. Burrescia, No. 00-11057 (5th Cir., Feb. 13, 2001) (unpublished). Technically, the bar may not apply to this suit, which Teel commenced long before the three-strikes order. See 28 U.S.C. § 1915(g). Teel should be aware, however, that if this case is unsuccessful in the trial court, the bar will prevent him from pursuing a further I.F.P. appeal. Moreover, the imposition of the bar suggests that Teel has a history of pursuing frivolous litigation, so he could become subject to a sanction award in the district court if this action is groundless.

**VACATED** and **REMANDED**; Sanctions Warning Issued.