Lee Roger Simpson, Jr. v. Justice Bill Vance















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-119-CV

     LEE ROGER SIMPSON, JR.,
                                                                         Appellant
     v.

     JUSTICE BILL VANCE,
                                                                         Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 99-1517-3
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Simpson appeals from an order of the trial court dismissing his pro se informa
pauperis action as frivolous.
      Appellant, a prison inmate, filed suit in May 1999 against Appellee Vance, a Justice on the
Tenth Court of Appeals, alleging Appellee ignored his rights and acted in bad faith in a case
involving Appellant on February 2, 1994. Appellant sought damages of 20 million dollars. 
Appellee filed a motion to dismiss on the ground that Appellant did not file an affidavit or
statement identifying each case previously filed by him, in accordance with Section 14.004 Tex.
Civ. Prac. & Rem Code. Appellee further asserted the defense of absolute judicial immunity. 
The trial court on February 7, 2000 dismissed Appellant’s case pursuant to Tex. Civ. Prac. &
Rem. Code, Section 14 as frivolous.
      Appellant appeals asserting deprivation of his constitutional rights and abuse of discretion by
the trial court in dismissing his lawsuit.
      The acts complained of are alleged to have occurred in 1994. The two year statute of
limitations provided by Section 16.003 Tex. Civ. Prac. & Rem. Code is applicable to civil rights
actions. Ali v. Higgs, 892 F.2d 438, 439 (5th Cir. 1990); Gonzales v. Wyatt, 157 F.3d 1016, 1020
(5th Cir. 1998). Appellant’s complaint is barred by limitations.
      Appellee Vance is entitled to absolute judicial immunity for any activity associated with the
judicial process. Turner v. Pruitt, 342 S.W.2d 422, 423 (Tex. 1961); Brandt v. West, 892 S.W.2d
56, 66 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The acts of Appellee that Appellant
complained of were for not reversing Appellant’s conviction in a drug case. Appellee is entitled
to absolute judicial immunity.
      Appellant did not file an affidavit or unsworn declaration identifying prior lawsuits brought
by him at the time he filed his petition.
      Appellant filed an unsworn declaration of inability to pay costs. Chapter 14 applies to a suit
brought by an inmate who files an affidavit or unsworn declaration of inability to pay costs. 
Section 14.002.
      Section 14.003(a) provides that a court may dismiss a claim, either before or after service of
process, if the court finds that: (2) the claim is frivolous or malicious. Section 14.003(b) provides
that in determining whether a claim is frivolous or malicious, the court may consider whether: 1)
the claim’s realistic chance of ultimate success is slight; 2) the claim has no arguable basis in law
or in fact; 3) it is clear that the party cannot prove facts in support of his claim; or 4) the claim
is substantially similar to a previous claim filed by the inmate.
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the case number,
the court in which it was brought, the names of the parties, and the result of the suit.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles.
      Appellant’s lawsuit was barred by limitations at the time it was filed; Appellee is entitled to
absolute judicial immunity and Appellant did not comply with the requirement that he file an
affidavit or unsworn statement identifying prior lawsuits filed by him at the time he filed his
petition.
      The trial court did not abuse its discretion in dismissing Appellant’s lawsuit.
      The order of the trial court is affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 28, 2001
Do not publish