# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-30278
Summary Calendar

ANGELO E. WASHINGTON,

Plaintiff-Appellant,

v.

DELTA BUSINESS COLLEGE;
UNITED STATES DEPARTMENT OF EDUCATION;
DCS COLLECTIONS AGENCY,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:07-CV-552

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Angelo Washington, pro se and in forma pauperis, sued Delta Business

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

College ("Delta"), the U.S. Department of Education ("DOEd"), and DSI Collections Agency citing, inter alia, the Due Process Clause of the Fourteenth Amendment,[1] the "Sarbanes Oakley [sic] Act of 2002," Title VI, Title VII, Title IX, the Mandatory Victims Restitution Act of 1996, the Federal False Claims Act, and Louisiana law (including the Louisiana Constitution). Expressly adopting the magistrate judge's recommendation, the district court dismissed the claims under 28 U.S.C. § 1915(e) as time-barred.[2]

Washington asserts that he attended Delta in 1980 and 1981 with aid of student loans secured through the DOEd but left Delta in 1982. He claims that the DOEd continued to make payments on his behalf to Delta, which refused to return the mistakenly-provided money. He avers that as a result, he has been burdened for over twenty years with fraudulent collection proceedings but that things changed in August 2006 when the defendants "finally realized they were in error, cease [sic] the collection proceedings, added up the total amount collected . . . and sent him a check for the amount of the loan money illegally collected." Because of the now-admitted error, Washington claims he wrongfully suffered destruction of credit, garnishment of wages, and defamation of reputation.

On appeal, Washington offers a grab bag of reasons why the district court got it wrong. He contends, for instance, that the court violated his constitutional rights under the First, Fifth, and Fourteenth Amendments when it halted the service of summons and that the magistrate judge erred in recommending dismissal without having read the exhibits or considered the arguments. Likewise,

[1] In his "Motion to Enter Status Report," Washington also alleged that his Fifth, Sixth, and Seventh Amendment rights had been violated.

[2] Title 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

he claims that the court prematurely dismissed the case, contrary to Federal Rule of Civil Procedure 56, and that it erred in denying the defendants their rights, under the federal rules, to answer the complaint. He also alleges that the court erred in terminating discovery and all other pre-trial court processes, that it erroneously denied him default judgment, and that it wrongfully ignored the defendants' admission of guilt and Washington's offer to settle or engage in alternative dispute resolution. He moreover claims that the court was blind to defendants' obstruction of justice, suppression of evidence, contractual violations, and denial of due process.

What Washington does not do, however, is mentionSSmuch less addressSS any statutes of limitations, the issue on which dismissal expressly rested.[3] He has consequently waived any challenge to the determination that his claims are precluded.[4] See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (noting that even pro se appellants must brief arguments to avoid waiver). From this his case crumbles, because no one has a constitutional right to sue on a time-barred claim, and § 1915(e)(2)'s text requires a district court to "dismiss the case at any time"SSincluding pre-discoverySSif it determines that the matter "lacks

---

[3] The closest that Washington's briefSSread charitablySScomes to addressing the issue of limitations is that "[i]t was a violation of the FRAP rules to terminate this lawsuit in that the Plaintiff has a year to file for admitted damages from the . . . past 20 years . . . . As a student, ones [sic] contractual agreement with an institution is not complete until his or her student loans are completely paid off and satisfied, in this case 20 years with the state and [DOEd]." Though the argument as written explicitly refers to the Federal Rules of Civil Procedure and not to any statute of limitations, it is possible that Washington inartfully refers to the latter when he mentions the former. Even so construed, however, the argument fails. As noted by the magistrate judge, in Louisiana the prescriptive period for a breach of contract is ten years from when the plaintiff first "knew or should have known of the" breach. See Hawthorne Land Co. v. Occidental Chem. Corp., 431 F.3d 221, 228-30 (5th Cir. 2005). Washington does not explain why Hawthorne Land does not apply.

[4] The district court was within its authority to consider sua sponte whether the claim was precluded. See Hentz v. Cabana, No. 94-60275, 1994 WL 499668, at *2 n.6 (5th Cir. Aug. 22, 1994) (unpublished) ("In an action proceeding in forma pauperis, this Court may sua sponte consider affirmative defenses apparent from the record, such as whether or not a claim is time-barred.") (citing Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990)).

an arguable basis either in law or in fact."  See Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995) (internal citations and quotations omitted).

AFFIRMED.