# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

No. 09-31000
Summary Calendar

Charles R. Fulbruge III
Clerk

BRIAN LEWIS; DIANA LEWIS,

Plaintiffs–Appellants

v.

BOBBY JINDAL; KIP HOLDEN; OFFICE OF THE PARISH ATTORNEY;
RACHEL PITCHER MORGAN, Commissioner; JANICE CLARK, Judge;
PATRICIA WILTON, Lawyer, Attorney General's Office; BRIDGET
DENICOLA, Lawyer, Attorney General's Office; DAVID G SANDERS,
Lawyer, Attorney General's Office,

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-405

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brian and Diana Lewis appeal the district court's dismissal of their lawsuit against multiple Louisiana state officials. Appellants sought the commencement of criminal action against various parties involved in a state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31000

court civil rights case which Diana Lewis filed. Appellants claim that the state judge and defendants lied under oath in the state court case and should be criminally prosecuted for perjury. Appellants allege that Appellees are responsible for ensuring that the judge and defendants in the state court case are prosecuted for their prevarications. We affirm the district court's judgment dismissing this case as frivolous.

Appellants sued Governor Bobby Jindal, Baton Rouge Mayor Kip Holden, and the Office of the Parish Attorney seeking an order compelling them to prosecute various parties involved in the state court case. The magistrate judge granted Appellants's motion to proceed *in forma pauperis*. The magistrate judge found Appellants's claims frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because they alleged no constitutional violations by the defendants, and because Appellants had no constitutional right to commence criminal proceedings on their own. Appellants then added Rachel Pitcher Morgan, the Nineteenth Judicial District Court Commissioner; Judge Janice Clark; and Patricia Wilton, Bridget Denicola, and David G. Sanders, lawyers in the Attorney General's office, as defendants. Appellants did not make any allegations against these defendants. The magistrate judge recommended dismissal and the district court adopted the magistrate's recommendations before service of process and before any defendant filed an answer.

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). The court may dismiss the claim "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) *(*quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). We review such dismissals for abuse of discretion. *Id.*

2

To assert a claim under § 1983, a "plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). "The § 1983 remedy encompasses violations of rights secured by federal statutory as well as constitutional law." *Equal Access for El Paso, Inc. v. Hawkins*, 509 F.3d 697, 702 (5th Cir. 2007) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980)). "A plaintiff must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 438, 443 (5th Cir. 1999)).

Appellants have not cited any federal statutes or constitutional rights that would entitle them to force Louisiana authorities to criminally prosecute those involved in their civil rights lawsuit. It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standard to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) ("Contrary to Oliber's contention, he does not have a constitutional right to have someone criminally prosecuted."). Therefore, it is clear that Appellants's claims have no arguable basis in law.

Appellants's claims also lack any arguable basis in fact. In fact, Appellants do not bring *any* factual allegations against Appellees personally or allege that any of their actions caused the deprivation of any rights. *See James*, 535 F.3d at 373. Because Appellants's complaint is entirely devoid of an

No. 09-31000

arguable basis in law or fact, we find that the district court did not abuse its discretion by dismissing Appellants's lawsuit as frivolous.

AFFIRMED.