# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2011

No. 10-20863
Summary Calendar

Lyle W. Cayce
Clerk

JAKE EARL HENDRIX,

Plaintiff-Appellant

v.

SHERIFF TOMMY THOMPSON; MENTAL HEALTH DEPARTMENT OF THE
HARRIS COUNTY JAIL AND JAILERS; BILL MOORE, Assistant District
Attorney; FRANCES MARIAN NORTHCUTT; HARRIS COUNTY JAIL
ADMINISTRATORS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2233

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jake Earl Hendrix, Texas prisoner # 1415745, appeals from the dismissal
of his in forma pauperis 42 U.S.C. § 1983 suit alleging that a series of civil rights
and other constitutional violations took place following his arrest for sexual
assault in October 2006. The district court held that Hendrix's suit was time
barred and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

state a claim on which relief may be granted. This court reviews dismissals under § 1915(e)(2)(B)(ii) de novo, using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). We review the district court's denial of Hendrix's motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e) for an abuse of discretion. *See Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).

Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). Contrary to Hendrix's contentions, Texas, not Florida, is the forum state in the instant case, and the district court correctly applied a two-year statute of limitations. *See Ali*, 892 F.2d at 439; TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a).

Although Texas law governs the length of the limitations period and the tolling exceptions, federal law governs when Hendrix's causes of action accrued. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Hendrix is incorrect that his claims accrued when he became aware of his legal recourse; rather, they accrued when he knew of the facts that support his claims. *See Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Whether Hendrix's alleged mental incapacitation constitutes a ground for tolling is governed by Texas law. *See Burrell*, 883 F.2d at 418. A person has a legal disability warranting tolling under Texas law if that person is of "unsound mind" at the time that an action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a)(2) and (b); *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. Ct. App. 1999). Even if this court assumes that Hendrix was not mentally competent, and that the statute of limitations for filing his § 1983 suit was tolled, until he filed his 28 U.S.C. § 2254 petition on February 19, 2008, the statute of limitations ran out

No. 10-20863

on February 19, 2010, such that his June 22, 2010, suit remains untimely. *See* TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a).

The judgment of the district court and its denial of Hendrix's Rule 59(e) motion to are AFFIRMED. Hendrix's motion for remand and release pending a retrial is DENIED. We admonish Hendrix that, to the extent that he wishes to seek further habeas relief, he must first seek and receive leave to do so pursuant to 28 U.S.C. § 2244(b)(3).