# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1220


**ALLEN BRIDGET, SR.**

**VERSUS**

**JOHN CRAWFORD, M. D., ET AL.**


********** 

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2011-1069 DIV. A
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.


**AFFIRMED.**


**Allen Bridget, Sr.**
**Louisiana State Penitentiary**
**Camp C- Bear 2**
**Angola, LA 70712**
**IN PROPER PERSON**

**Michael W. Landry**
**Assistant Attorney General**
**One Lakeshore Drive, Suite 1200**
**Lake Charles, LA 70629**
**(337) 491-2880**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **James LeBlanc**
    **John Crawford, M. D.**
    **Warden Robert Henderson**
    **Delanie Burgess**
    **Julie Bordelon**
    **Tammie Arrant**

**GREMILLION, Judge.**

Allen Bridget, Sr., appeals the trial court's dismissal of his civil rights action under 42 U.S.C. §1983 on the defendants'/appellees' exception of prescription. For the reasons that follow, we affirm.

## FACTS

Bridget has allegedly suffered from asthma for many years. In September 2008, he was an inmate at Phelps Correctional Center (Phelps) in DeQuincy, Louisiana. He sought special duty status because of his asthma but was denied that change on September 5, 2008, by Dr. John Crawford. Pursuant to the Corrections Administrative Remedies Procedure Act, La.R.S. 15:1171, et seq. (CARP), Bridget sought to have Dr. Crawford's decision overturned. His appeal was denied at both of the two tiers of review provided in La.R.S. 15:1171 and 1172.

On August 4, 2009, Bridget filed a petition in the 19th Judicial District Court seeking judicial review of this determination and seeking damages. The trial court ruled in favor of Bridget and ordered Dr. Crawford to review Bridget's medical history and duty status and to personally evaluate Bridget's current condition. Dr. Crawford was also ordered to generate a written report with a treatment plan and any duty restrictions necessitated by Bridget's medical condition. All other demands were dismissed by that judgment, which was signed on July 19, 2010.

In a separate incident, Bridget presented to medical personnel on November 30, 2008, complaining of respiratory distress. He asserted that he had missed thirteen of his fifty-eight prescribed doses of medication for his asthma. Bridget was disciplined for malingering because the nurse who administered his medications attested that she had, in fact, administered them to him. Bridget received extra duty and lost some of his credit for "good time." He again sought

administrative review and was again rebuffed. The final determination of that review was rendered on May 7, 2009.

On November 23, 2011, Bridget filed the present tort suit against a number of defendants including Dr. Crawford and other medical personnel at Phelps, Warden James Henderson, James LeBlanc, Secretary of the Department of Public Safety and Corrections, and Delanie Burgess, the secretary's designee who rendered the final determination of Bridget's administrative procedures review. The defendants responded with an exception of prescription. The trial court maintained the exception and dismissed Bridget's demands.

Bridget appealed the dismissal. He urges that the judgment was obtained by fraud or ill practices and that his alleged filing of a suit in federal district court precluded the determination that the matter was prescribed.

## ANALYSIS

The annulment of a judgment on the grounds of fraud or ill practices is governed by La.Code Civ.P. art. 2004. That article provides that a judgment so obtained may be annulled. Such an action must be filed within one year of when the plaintiff discovers the fraud or ill practices. Article 2006 of the Code of Civil Procedure provides that an action for annulment of a judgment obtained by fraud or ill practices must be filed in the trial court. An appeal is not a substitute for filing an action to annul. *Lowe's Home Const., LLC v. Lips*, 10-762 (La.App. 5 Cir. 1/25/11), 61 So.3d 12, *writ denied*, 11-371 (La. 4/25/11), 62 So.3d 89. Accordingly, we cannot address this contention by Bridget.

The record contains no indication that Bridget has filed any action in federal district court. Therefore, we have no evidence in the record to substantiate that such a filing, if it exists, has any bearing on the claims asserted in Bridget's suit. We must consider his claim on its own merit.

2

All actions for monetary, injunctive, declaratory relief, including actions over conditions of confinement, personal injuries, medical malpractice, computation of time, and challenges to rules, regulations, policies, or statutes, brought by adult or juvenile offenders against the state or other authorities who operate prison facilities are subject to CARP. La.R.S. 15:1171(B). An offender must exhaust his administrative remedies before any cause of action may be heard in federal or state court. La.R.S. 15:1176. The filing of a complaint or grievance pursuant to CARP suspends the tolling of liberative prescription for any delictual action for injury or damages arising from the claims asserted in the complaint or grievance. La.R.S. 15:1172(E). That suspension of prescription continues until the agency's final determination is delivered. *Id.*

Against this statutory backdrop, Bridget's petition is facially prescribed. The actions he complains of occurred on November 30, 2008. Bridget sought administrative review on January 25, 2009. The agency's final determination was delivered on May 7, 2009. Bridget's petition was filed on November 23, 2011, more than two years after the final determination. Actions under 42 U.S.C. §1983 are governed by the applicable prescriptive periods or statutes of limitations of the forum state. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). The applicable prescriptive period for delictual actions is one year from the day injury or damage is sustained. La.Civ.Code art. 3492.

"The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension." La.Civ.Code art. 3472. Thus, the prescriptive period began on November 30, 2008, and was suspended on January 25, 2009. Fifty-five days

3

counted toward the accrual of prescription. Suspension of the prescriptive period ended on May 7, 2009. Thus, prescription tolled on March 15, 2010.[1]

The record does not reflect any other action that would have suspended or interrupted prescription on Bridget's demands. The judgment of the trial court is affirmed. All costs of this appeal are taxed to Appellant, Allen Bridget, Sr.

**AFFIRMED.**

---

[1] Fifty-five days between November 30, 2008 and January 25, 2009, plus 238 days between May 7, 2009 and December 31, 2009, plus seventy-two days between January 1, 2010 and March 13, 2010. March 13 was a Saturday, so prescription would not toll until Monday, March 15. *See* La.Code Civ.P. art. 5059.

4