**REVISED JUNE 5, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff–Appellant

v.

CLAIRE GIANFALA HIGGINGBOTTOM,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC. No. 6:13-CV-2122

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Brandon Scott Lavergne ("Lavergne"), proceeding pro se, appeals the district court's dismissal with prejudice of his civil rights case under 42 U.S.C. § 1983 against Defendant–Appellee Claire Gianfala Higgingbottom ("Higgingbottom"), a private citizen residing in Louisiana.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30225

Lavergne is currently serving consecutive sentences of life imprisonment, having pled guilty to two murders.  In essence, Lavergne seeks damages from Higgingbottom for false statements she allegedly made to the police, the media, and the grand jury in connection with the murder investigation that culminated in Lavergne's conviction.

The district court dismissed his complaint with prejudice.  The court concluded Lavergne failed to state a claim under § 1983 because he did not allege Higgingbottom, a private citizen, was a state actor acting under color of state law nor did he allege his conviction was invalid.  The court declined to exercise supplemental jurisdiction over his state law defamation and libel claims under 28 U.S.C. § 1367(c)(3) and entered judgment for Higgingbottom.  We have jurisdiction under 28 U.S.C. § 1291.  "We review a district court's dismissal under Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'"  *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citation omitted).

On appeal, Lavergne asserts the district court violated his due process rights under the Fourteenth Amendment because (1) it took "no action" from June 2013 through February 2014 on his complaint, (2) the magistrate judge denied Lavergne's request for leave to amend and motion to recuse together after issuing his findings and recommendations, which Lavergne contends constituted "rul[ing] on his own motion to recuse."  To the extent Lavergne attempts to raise other issues through this appeal, we do not decide those issues because they were inadequately briefed.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28." (footnote omitted)).

2

No. 14-30225

Here, the district court correctly concluded Lavergne failed to plead sufficient facts to state a claim for violation of § 1983. "To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). As the district court correctly observed, Higgingbottom is not a state actor or otherwise acted "under color of law" within the meaning of § 1983. Moreover, we find no error in the procedure in the district court. After a year without activity in the case, the court appropriately screened his pro se complaint under 28 U.S.C. § 1915(e)(2). *See Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The magistrate judge was under no obligation to recuse himself from Lavergne's request for leave to amend, and did not abuse discretion in refusing to do so. *See Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (affirming denial of a motion to recuse because the record "falls . . . short of 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly, the district court did not err when it dismissed Lavergne's complaint for failure to state a claim, and therefore we AFFIRM.