# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2018

Lyle W. Cayce
Clerk

ANTONIO DERRELL JACKSON,

Plaintiff−Appellant,

versus

FORT BEND COUNTY SHERIFF'S DEPARTMENT;
WAYNE KUHLMAN, Sergeant; JAMES CASSIDY, Deputy,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CV-714

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Antonio Jackson, Texas prisoner #2008378, filed a *pro se*, *in forma*

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis* ("IFP") 42 U.S.C. § 1983 action.  He alleged that he was arrested unlawfully by two Harris County deputies, Wayne Kuhlman and James Cassidy.  He also asserted that he was denied access to the courts to challenge the arrest while incarcerated in the Fort Bend County Jail.  The court dismissed the complaint because it failed to present a cognizable claim.  The court found that the unlawful-arrest claim, based on Jackson's 2011 arrest, had been dismissed, in a previous lawsuit, as barred by limitations.  The court also found that the access-to-courts claim had been rejected in another suit because the time to file his unlawful-arrest claim had expired before Jackson had requested any forms, seeking to file the complaint, from jail officials.

Jackson moved for reconsideration, contending that the limitations period determined in the prior case was incorrect.  The court stated that the prior case had not been overturned and that the court could not overrule the prior judgment.

On appeal, Jackson maintains that the district court erred in dismissing his current case based on the prior cases because those cases were wrongly decided.  "A dismissal of a civil rights complaint for failure to state a claim is reviewed *de novo*, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)."  *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  Because Jackson filed his civil rights suit IFP, the court could consider affirmative defenses *sua sponte*.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  Issue preclusion, or collateral estoppel, bars the relitigation of facts or law between the same

parties in a future lawsuit. *See Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535−36 (5th Cir. 1978). Issue preclusion or collateral estoppel is appropriate if (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) no special circumstances exist that would render preclusion inappropriate or unfair. *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994).

Jackson has not shown that either of his claims is not barred by res judicata or collateral estoppel. The district court did not err in dismissing his claims. *See Ali*, 892 F.2d at 440.

Jackson asserts that the court should have allowed him to amend his complaint. Jackson failed, in the district court or on appeal, to provide any ground on which such an amendment should be permitted. The district court did not abuse its discretion in failing to grant leave to amend. *See Eason v. Thaler*, 14 F.3d 8, 9−10 (5th Cir. 1994); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Jackson moves this court to prevent the district court from requiring him to pay a filing fee. Jackson's request for relief is nonspecific and is DENIED.

AFFIRMED.