# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2021

Lyle W. Cayce
Clerk

No. 20-50347
Summary Calendar

Robert Phillips,

*Plaintiff—Appellant*,

*versus*

State of Texas; Steve Christian, Individual Capacity and Official Capacity, SAPD Officer; Yvonne Jaramillo, Individual Capacity and Official Capacity, 911 Communication Unit Officer; Susan D. Reed, Individual Capacity and Official Capacity, Criminal District Attorney; Daryl Harris, Individual Capacity and Official Capacity, Assistant Criminal District Attorney; James Brian Peplinski, Individual Capacity and Official Capacity, Lead Attorney; Raymond Angelini, Individual Capacity and Official Capacity, Honorable Judge, 187th District Court; Rebecca C. Martinez, Individual Capacity and Official Capacity, Justice; Sandee Bryan Marion, Individual Capacity and Official Capacity, Justice; Catherine Stone, Individual Capacity and Official Capacity, Chief Justice; Richard E. Langlois, Individual Capacity and Official Capacity, Appellant Attorney,

*Defendants—Appellees*.

No. 20-50347

---

Appeal from the United States District Court
for the Western Division of Texas
USDC No. 5:19-CV-1261

---

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:[*]

Robert Phillips brings this *pro se* 42 U.S.C. § 1983 action against a number of defendants, alleging misconduct arising predominantly from a 2011 altercation with law enforcement.  We affirm the district court's judgment dismissing Phillips's complaint.

**I**

In early 2011, Phillips was arrested, then subsequently indicted and prosecuted, for one count of Coercion of a Public Servant and one count of Terroristic Threats for threatening comments Phillips made during 911 calls. On the evening in question, Phillips made a series of abusive 911 calls to report a child custody order violation, despite being repeatedly informed that this was a civil matter.[1]  The jury convicted Phillips,[2] and the San Antonio Court of Appeals affirmed that conviction.[3]

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] *See Phillips v. State*, 401 S.W.3d 282, 284 (Tex. App.—San Antonio 2013, pet. ref'd).

[2] *Id.* at 286.

[3] *Id.* at 293.

No. 20-50347

Here, Phillips named as defendants the State of Texas, a San Antonio police officer, a 911 Communication Unit Officer, the District Attorney and Assistant District Attorney involved in his indictment and prosecution, multiple state court judges involved in his trial and appeal, and his own counsel. Phillips challenges his conviction and other actions taken by the named defendants, averring widespread prosecutorial, judicial, official, and professional misconduct before, during, and after his trial. Phillips alleges, *inter alia*, that the arresting officers assaulted and falsely arrested him, his conviction was the unlawful result of a double jeopardy violation, his trial counsel conspired with the District Attorney to convict him, the District Attorney publicly disclosed private facts about him, his appellate counsel conspired to defraud the United States, and the then-Chief Justice of the San Antonio Court of Appeals violated the Contract Clause of the Constitution and her oath of office. The district court dismissed Phillips's suit for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## II

A district court is directed to dismiss a claim by an inmate or in forma pauperis litigant if the complaint is frivolous or fails to state a claim upon which relief may be granted.[4] "A dismissal of a civil rights complaint for failure to state a claim is reviewed *de novo*, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)."[5] Phillips filed this civil rights suit in forma pauperis, and thus this court may consider

---

[4] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[5] *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (emphasis in original) (citing *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (summary calendar) (per curiam)).

No. 20-50347

affirmative defenses *sua sponte*.[6]

We first note that the *Heck* rule bars most all of Phillips's claims. In *Heck v. Humphrey*,[7] the Supreme Court adopted the favorable termination rule,[8] holding that a § 1983 suit must be dismissed if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence" and the plaintiff cannot show that his "conviction or sentence has already been invalidated."[9] In *Wilkinson v. Dotson*,[10] the Supreme Court clarified that a "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[11] This court performs a *Heck* analysis by asking "whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling it into question."[12]

Phillips's claims consist largely of direct challenges to his conviction. In his prayer for relief, for example, Phillips specifically requests that this court overturn his allegedly unlawful conviction and expunge his criminal record. *Heck* bars such a challenge. Further, the *Heck* bar extends to

---

[6] *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (summary calendar).

[7] 512 U.S. 477 (1994).

[8] *See id.* at 484 n.4.

[9] *Id.* at 487.

[10] 544 U.S. 74 (2005).

[11] *Id.* at 81-82 (emphasis in original).

[12] *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (alteration and internal quotation marks omitted) (quoting *Ballard v. Burton*, 444 F.3d 391, 400-01 (5th Cir. 2006)).

Phillips's claims against his counsel, Peplinksi and Langlois.  Phillips alleges that Peplinksi and Langlois conspired with the prosecution to unlawfully convict him.  Assuming without deciding that his counsel qualified as state actors for § 1983 purposes, Phillips's claims against them fall squarely within *Heck*'s purview because a favorable judgment would imply the unlawfulness of his conviction.  *Heck* also bars the bulk of Phillips's claims against the District Attorney and Assistant District Attorney.  Phillips seeks damages for their alleged prosecutorial misconduct that led to his unlawful conviction.  Again, success on this claim necessarily implies the invalidity of his conviction.

Additionally, immunity forecloses many of Phillips's claims.  Judicial immunity bars Phillips's claims against Judge Angelini, Justice Martinez, Justice Marion, and Chief Justice Stone.[13]  Likewise, the Eleventh Amendment bars Phillips's § 1983 claim against the State of Texas.[14] Similarly, prosecutorial immunity bars most all of Phillips's claims against District Attorney Reed and Assistant District Attorney Harris.  Prosecutors enjoy absolute immunity from § 1983 liability for actions falling within their role as an advocate,[15] and all of Phillips's claims fall within this sphere, save

---

[13] *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) ("Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." (citing *Stump v. Sparkman*, 435 U.S. 349 (1978))).

[14] *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983." (citing *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991))).

[15] *See Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (per curiam) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

No. 20-50347

perhaps Reed's comments to the media disclosing private facts.[16]    This privacy-based claim is discussed below.

Next, Phillips's claims against San Antonio Police Officer Christian and 911 Communication Unit Officer Jaramillo are time-barred.    Phillips alleges that Officer Christian assaulted and falsely arrested him in July of 2010, and that both officers did the same in February of 2011.    This court looks to the forum state's general personal injury limitations period to determine the period applicable to a § 1983 suit.[17]    In Texas, that period is two years.[18]    The accrual date of a § 1983 suit, though, is a question of federal law.[19]    Generally, and applicable to this assault claim, a cause of action accrues when the claimant becomes aware of his injury or has sufficient information to know he has been injured.[20]    The statute of limitations for a false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process."[21]    Here, Phillips filed suit on October 24, 2019—more than two years after each of these claims accrued.[22]    The claims are barred by limitations on their face.

---

[16] *Buckley*, 509 U.S. at 277 ("Fitzsimmons' statements to the media are not entitled to absolute immunity.").

[17] *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (summary calendar) (first citing *Owens v. Okure*, 488 U.S. 235, 250 (1989); and then citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (summary calendar)).

[18] Tex. Civ. Prac. & Rem. Code § 16.003(a).

[19] *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

[20] *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (quoting *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010)).

[21] *Wallace*, 549 U.S. at 397.

[22] *See generally Phillips v. State*, 401 S.W.3d 282 (Tex. App.—San Antonio 2013, pet. ref'd).

No. 20-50347

Finally, we consider Phillips's claim that District Attorney Reed "knowingly breach[ed] the veil of secrecy" by publicly disclosing private facts about him.  While *Heck* may not bar this claim, limitations does.  Phillips alleges that this misconduct occurred in February 2011.  Assuming that such a claim is even cognizable in a § 1983 suit,[23] and assuming further that Texas's two-year limitations period would apply to this claim for invasion of privacy[24]—as opposed to the shorter one-year period for defamation[25]—limitations has run.

\*     \*     \*

In sum, Phillips's claims are barred by either *Heck*, immunity, or limitations.  The district court's judgment dismissing Phillips's complaint is AFFIRMED.

---

[23] *But see Paul v. Davis*, 424 U.S. 693, 710 (1976) (holding that a privacy-based defamation claim, standing alone, is not actionable in a § 1983 suit).

[24] *Wood v. Hustler Mag., Inc.*, 736 F.2d 1084, 1089 (5th Cir. 1984) (applying Texas's two-year general personal injury limitations statute to a claim for invasion of privacy).

[25] Tex. Civ. Prac. & Rem. Code § 16.002(a).