# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2010

No. 08-20827

Charles R. Fulbruge III
Clerk

TAMMY JOHNSON

Plaintiff - Appellant

v.

DIVERSICARE AFTON OAKS LLC; DIVERSICARE MANAGEMENT
SERVICES COMPANY; DIVERSICARE LEASING CORPORATION;
ADVOCAT FINANCE INCORPORATED

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and GARZA and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Tammy Johnson appeals the district court's grant of summary judgment in favor of Diversicare Afton Oaks LLC ("Afton Oaks"), Diversicare Management Services Company, Diversicare Leasing Corporation, and Advocat Finance Incorporated (collectively, "Diversicare"). Johnson also appeals the district court's denial of her motion for reconsideration and for a new trial. For the reasons set forth below, we AFFIRM.

**I**

Johnson was working as the Assistant Director of Nursing at Afton Oaks when she was alerted by a resident to an incident of resident abuse that had

No. 08-20827

occurred two days prior. Johnson approached her supervisor, Pat Petry, about the incident. Petry told Johnson to start an investigation immediately and to obtain statements from the employees who had been working during the shift when the incident occurred. However, when Petry spoke with Johnson the following day, Johnson admitted to obtaining only one employee statement. Petry told Johnson that Petry wanted all employee statements under her office door by the next morning. Johnson failed to comply with this directive, and Petry suspended Johnson pending an investigation into Johnson's inability to complete the report in a timely fashion. Johnson was told that she would be compensated for her missed work if she was cleared.

At the conclusion of the investigation, Johnson was invited to return to work with pay for the days of the suspension. However, Johnson declined to return to work, as she had already filed this action for retaliation in Texas state court pursuant to TEX. HEALTH & SAFETY CODE § 242.133, which protects nursing home employees who report violations of law from adverse employment actions. Diversicare removed to federal court on the basis of diversity, and subsequently moved for summary judgment, which the district court granted. The district court also denied Johnson's motion to reconsider and for a new trial. Johnson appeals both decisions.

## II

### A

Johnson argues that the district court erred in finding that she did not make a "report" pursuant to TEX. HEALTH & SAFETY CODE § 242.133(b). Specifically, Johnson contends that the district court improperly made credibility determinations regarding her testimony in its evaluation of the record on summary judgment. We review an appeal from an order granting summary judgment *de novo*. *In re ADM/Growmark River Sys., Inc.*, 234 F.3d 881, 886 (5th Cir. 2000). Summary judgment is appropriate when, after considering the

2

No. 08-20827

pleadings, discovery, and disclosures on file, along with any affidavits, the court finds "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court views all facts and evidence in the light most favorable to the non-movant. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Conclusory allegations or unsubstantiated assertions are insufficient to show a genuine issue of material fact. *Anderson*, 477 U.S. at 256.

A court reviewing a summary judgment motion must not weigh the evidence or evaluate the credibility of witnesses. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). However, "summary judgment is appropriate unless [a] plaintiff can produce *significant evidence* demonstrating the existence of a genuine fact issue." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984) (citation omitted) (emphasis in original). In a non-jury case, such as this one, "a district court has somewhat greater discretion to consider what weight it will accord the evidence." *In re Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991). When deciding a motion for summary judgment prior to a bench trial, the district court "has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id.* at 398 (citing *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

**B**

TEX. HEALTH & SAFETY CODE § 242.133(b) states in pertinent part:

An employee has a cause of action against an institution, or the owner or another employee of the institution, that suspends or terminates the employment of the person or otherwise disciplines or discriminates or retaliates against the employee for reporting to the

employee's supervisor, an administrator of the institution, a state regulatory agency, or a law enforcement agency a violation of law, including a violation of this chapter or a rule adopted under this chapter, or for initiating or cooperating in any investigation or proceeding of a governmental entity relating to care, services, or conditions at the institution.

Pursuant to the language of the statute, an employee only has a cause of action under § 242.133(b) if he or she makes a "report" of a violation of law. We must determine if anything in the record indicates that Johnson made such a report.

In her brief and in deposition testimony taken eleven months after the initial incident, Johnson alleges that she phoned the Texas Board of Nurse Examiners ("TBNE") for the purpose of making an incident report. However, this self-serving statement is contradicted by the record. First, in a handwritten memo dated the same day as the alleged phone call, Johnson stated that she called TBNE "to ask a question" about how to deal with the nurse who was the subject of the complaint. In a typed memo later that day, Johnson stated only that she had "a conversation" with TBNE and that during the course of the conversation she never mentioned Afton Oaks' name, nor the name of the nurse in question, both of which would be necessary in an actual report. Indeed, Johnson expressly stated in her typed memo that Petry was under the mistaken impression that Johnson called TBNE to make a report, and that this impression was, in fact, untrue.

Thus, contrary to her present assertion, Johnson's own record testimony indicates that she did not make a report to TBNE. Rather, the record demonstrates that Johnson was merely contacting TBNE for information about how to handle the resident abuse investigation. Indeed, the only evidence in the record that appears to support Johnson's position that she made a "report" are her self-serving, conclusory statements in her later deposition testimony. The district court, as the trier of fact, was permitted to draw inferences from this

4

No. 08-20827

evidence to conclude that Johnson failed to present sufficient evidence of "reporting" a violation of law within the meaning of § 242.133(b). *See Placid Oil*, 932 F.2d at 397–98; *Nunez*, 572 F.2d at 1124.

Johnson also contends that the district court improperly applied the reporting requirements to § 242.133(b), relying on *Town Hall Estates-Whitney, Inc. v. Winters*, 220 S.W.3d 71 (Tex. App.—Waco 2007, no pet.) for support. However, this case is distinguishable from the instant matter. In *Town Hall*, a nurse prevailed on her retaliation complaint for having reported an incident of alleged sexual abuse of a nursing home resident to her supervisor despite concerns that the allegation of abuse might be false. The Texas Court of Appeals found no subjective belief in the veracity of the allegation necessary for a report to be legitimate. In the instant matter, the issue is not whether Johnson believed the allegation of resident abuse to be true, but rather whether an *actual report was made*. Though Johnson is correct in arguing that § 242.133 does not require that an employee alleging a retaliation claim adhere to the letter of the reporting requirements, see *id*. at 79–80, *some* sort of report must have been made to qualify as the basis for a retaliatory action.

Johnson also points to *Clark v. Texas Home Health, Inc.*, 971 S.W.2d 435, 437–38 (Tex. 1998), arguing that liability for retaliation attaches when an employee is punished for the *intent* of reporting, even if no report has actually been made. However, Johnson "must demonstrate a causal relationship between the retaliatory action and the reporting." *Id*.; *see also Town Hall*, 220 S.W.3d at 81 (applying a "but-for" causation standard in retaliation causes of action). Even assuming *arguendo* that Johnson intended to report the nurse when she contacted TBNE for advice, it does not follow that her intent to report led to her suspension. Johnson failed to complete her investigation of the incident in a timely fashion, as she was asked to do by her supervisor. Johnson admitted that she had not obtained the statements, in contradiction to a direct order to do so.

5

No. 08-20827

As the rationale for Johnson's suspension was her failure to complete her investigation of the alleged resident abuse, she has not shown that but for her conversation with TBNE, she would not have been suspended. Accordingly, the district court did not err in concluding that Johnson did not make a "report" as required by § 242.133(b).

### III

Johnson argues that the district court erred in denying her motion to reconsider and for a new trial. We review a denial of a motion for reconsideration pursuant to FED. R. CIV. P. 59(e) for abuse of discretion. *Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc.*, 246 F.3d 752, 757 (5th Cir. 2001). Courts have broad discretion in deciding such motions. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 482–83 (5th Cir. 2004). A motion to reconsider based on an alleged discovery of new evidence should be granted only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (citation omitted).

Johnson points to a "newly discovered" letter from the Texas Department of Aging and Disability Services ("TDADS") that allegedly supports her having made a report of the resident abuse incident. However, this document was produced by Johnson during discovery and therefore should have been part of the evidence Johnson submitted to the court on summary judgment. *Id.* Moreover, the record reflects that the identification number of the report referenced in Johnson's letter matches the identification number of a report created *two weeks* after Johnson's initial suspension. Thus, even if Johnson did, in fact, make this report with TDADS, it would not support a retaliation claim based on an employment action that occurred two weeks earlier. Consequently,

No. 08-20827

Johnson has not presented sufficient grounds for reconsideration of the district court's grant of summary judgment, and the district court did not abuse its discretion in denying her motion.

**IV**

For the foregoing reasons, we AFFIRM.