# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 27, 2010

Lyle W. Cayce
Clerk

No. 09-60693
Summary Calendar

JAMES C. WINDING,

Plaintiff-Appellant

v.

THE GEO GROUP, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:07-CV-69

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James C. Winding, Mississippi prisoner # K8115, is appealing the magistrate judge's orders denying his motion and supplemental motion for a judgment as a matter of law and his motion for a new trial by jury on his 42 U.S.C. § 1983 complaint, which was dismissed following a bench trial before the magistrate judge. Winding alleged that the Geo Group, Inc. (Geo) or its authorized decisionmaker failed to enforce a policy of protecting inmates from

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harm and it resulted in his being stabbed and injured by an inmate with known violent propensities.

Winding argues that the magistrate judge erred in denying his motion and supplemental motion for a judgment as a matter of law based on the evidence that Geo or its authorized decisionmaker knew or should have known that housing Winding with Willie Proctor created a dangerous risk of harm in light of Proctor's prior conduct and mental illness.  He contends that the failure to enforce the written prison policy to protect inmates from harm can be inferred from the evidence presented at trial.

Winding's postjudgment Federal Rule Civil Procedure 59(e) motion merely disputed the magistrate judge's factual findings and legal conclusions based on the evidence presented at his trial.  Rule 59(e) cannot be used to rehash the evidence or make arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  Windings's assertions in his motion did not demonstrate any grounds for relief under Rule 59(e), such as manifest error of law or fact or the discovery of new evidence.  *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  The district court did not abuse its discretion in denying the postjudgment motion because Winding did not raise any challenges entitling him to relief under Rule 59(e).

Further, Winding's challenge to the magistrate judge's denial of his request to reconsider his findings of fact and conclusion of law require this court to review a transcript of the trial.  Winding's failure to provide a transcript may be the basis for the dismissal of the entire appeal.  *See* FED. R. APP. P. 3(a)(2); FED. R. APP. P. 10(b)(2); *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir.1990). Windings's pro se and in forma pauperis status does not preclude consideration of his initial representation to the court that a transcript was not required to pursue his appeal nor excuse his failure to seek the transcript from this court until after filing his brief.  *See Alizadeh v. Safeways Stores, Inc.*, 910 F.2d 234,

237 (5th Cir. 1990) The lack of a transcript is an additional consideration in dismissing this appeal as frivolous.

Winding argues that the magistrate judge erred in denying his postjudgment motion for a new jury trial. Winding expressly waived his right to a jury trial at a pretrial conference and did not move prior to trial to withdraw the waiver. *See* FED. R. CIV. P. 38; FED. R. CIV. P. 39. The district court did not abuse its discretion in denying Winding's request for a jury trial made in a postjudgment motion. *See Daniel Intern. Corp. v. Fischback & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Winding has failed to raise issues of arguable merit. His appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of the IFP provisions of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Winding is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). The court notes that the recent dismissal as frivolous of Winding's appeal in *Winding v. Grimes*, No. 09-60943 constitutes another strike under § 1915(g) against him.

Winding's motion to file a supplemental reply brief is granted. Winding has filed a motion for appointment of counsel, arguing that he is without funds to investigate his claims and that he does not have the skills and knowledge to proceed with his case. Because Winding has not made a showing of exceptional circumstances warranting the appointment of counsel, the motion for appointment of counsel is denied. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Winding is requesting this court to strike Geo's brief, the clerk's order providing it with a ten-day extension to file the brief, and to enter a default judgment against Geo based on its failure to file a timely brief. Geo filed a motion to file a brief out-of-time, and the clerk granted the motion. Geo filed its

brief on the day the motion to file the out-of-time brief was granted. Winding has not shown any valid legal basis for the court to strike the appellee's brief or to grant a default judgment. The motions for default judgment, to strike the ten-day extension to file the brief, and to strike the appellee's brief are denied.

Winding filed a motion to supplement the record with his medical records and prison records showing Proctor's mental illness and violent behavior. These same records were filed in the district court record. Thus, the motion to supplement is denied. Winding filed another motion to supplement the record with a MDOC policy on housing and other documents already part of the record. These documents merely support Winding's previous arguments that he should not have been housed with Proctor. The motion to supplement to submit the policy statement is also denied.

Winding has filed several petitions seeking writs of mandamus ordering different actions by the district court. He complains that the district court did not rule on all of his motions, that defense counsel should be sanctioned, and that he is entitled to a new trial by jury. The mandamus remedy is an extraordinary one, which the court grants only in the clearest, most compelling cases. A party seeking mandamus relief must show both that he has no other adequate means for achieving the requested relief and that he has a clear and indisputable right to mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

The record reflects that the district court has ruled on all the motions presented to it. Winding has raised arguments in these petitions that he raised or could have raised on appeal. He has not shown extraordinary circumstances entitling him to mandamus relief. His petitions are denied.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION TO FILE SUPPLEMENTAL REPLY BRIEF IS GRANTED; ALL OTHER MOTIONS DENIED; PETITIONS FOR WRITS OF MANDAMUS DENIED.