# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

No. 10-30380
Summary Calendar

Lyle W. Cayce
Clerk

MONTIE BANTA MONTGOMERY,

Plaintiff-Appellant

v.

GARY SEXTON, In his official capacity as Sheriff; PAUL SMITH; STEVE
RISNER, as Warden of Bayou Dorcheat Correctional Center; JOHN DOE, as
Assistant Warden of Bayou Dorcheat Correctional Center; GENE HANSON, as
a Deputy of Bayou Dorcheat Correctional Center; JOHN LEWIS, As a Captain
of Bayou Dorcheat Correctional Center; BUSTER FLOWERS, as a Deputy of
Webster Parish Sheriff's Office; JANE DOE, as Nurse of Bayou Dorcheat
Correctional Center; CHUCK DOE, as a Deputy of Bayou Dorcheat Correctional
Center; JERRY MCCOY; UNKNOWN SHERIFF'S DEPUTIES; UNKNOWN
CORRECTIONAL OFFICERS; UNKNOWN OFFICIALS; SHERIFF'S OFFICE
WEBSTER PARISH; BAYOU DORCHEAT CORRECTIONAL CENTER,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-1086

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30380

Montie Montgomery, Louisiana prisoner # 412020, appeals both the district court's judgment denying his postjudgment motion to rescind the judgment granting summary judgment in favor of defendants Sexton, Smith, Risner, Hanson, Lewis, Flowers, and McCoy and dismissing his 42 U.S.C. § 1983 complaint with prejudice and the underlying judgment of dismissal. Montgomery argues that postjudgment relief was warranted under Federal Rule of Civil Procedure Rule 60(b) because his attorney failed to withdraw from his case after he fired her and then sabotaged his case by failing to file adequate pleadings, including an adequate opposition to the defendants' motion for summary judgment. He contends that if his attorney had withdrawn, he would have received notice of the defendants' motions and would have had the opportunity to properly respond to them.

Whether Montgomery's postjudgment motion is construed as arising under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, the result is the same: Montgomery has failed to demonstrate that the district court abused its discretion in denying his postjudgment motion. *See Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). The record does not support Montgomery's assertion that he fired his attorney. Despite his assertion, Montgomery did not obtain new counsel or move to proceed pro se. Because there is no evidence that he, in fact, fired his attorney, Montgomery has failed to demonstrate that the district court based its denial of his postjudgment motion on either an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Montgomery also has failed to demonstrate that the district court erred in granting summary judgment. This court reviews the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is proper if the record discloses "that there is no genuine dispute as to any material fact and the

2

movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a) (2010).

Although Montgomery's opposition to the motion for summary judgment was inadequate to defeat summary judgment, the mistakes and omissions of Montgomery's counsel are chargeable to him no matter how unfair this may seem. *See Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Further, Montgomery has failed to point to any evidence showing the existence of a genuine dispute as to any material fact. Thus, Montgomery has failed to demonstrate that the district court erred in granting the defendants' motion for summary judgment.

The judgment of the district court is AFFIRMED.