# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 28, 2011

No. 10-60633
Summary Calendar

Lyle W. Cayce
Clerk

JAMES C. WINDING,

Plaintiff–Appellant,

v.

DEPUTY COMMISSIONER E. L. SPARKMAN; WARDEN DALE CASKEY; ASSISTANT WARDEN BART GRIMES; UNIT PSYCHOLOGIST MARCUS POWE, Individually and in his Official Capacity; UNIT PSYCHOLOGIST THOMAS MOORE, Individually and in his Official Capacity,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:08-CV-59

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

James C. Winding, Mississippi prisoner #K8115, appeals the district court's denial of his FED. R. CIV. P. 59(e) motion and its dismissal as frivolous of his 42 U.S.C. § 1983 complaint alleging that prison officials acted with deliberate indifference to his safety by failing to protect him from inmate Willie Proctor. Winding asserts that he and Proctor were in a hallway area at the prison facility

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at the same time, and Proctor pushed him against the wall and threatened him. Winding argues that in light of physical injuries inflicted on him by Proctor in 2004, he is entitled to recover damages for the mental anguish he suffered as a result of the hall incident, which occurred in 2008. He contends that the defendant prison officers failed to enforce their policy of protecting inmates and that their conduct reflected their deliberate indifference to his safety.

This court reviews the denial of a FED. R. CIV. P. 59(e) motion for an abuse of discretion. *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010). Insofar as Winding is appealing from the underlying judgment, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is also reviewed for abuse of discretion. *See Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A failure-to-protect claim that fails to allege any resulting physical injury does not state an Eighth Amendment violation entitling a prisoner to compensatory damages. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); 42 U.S.C. § 1997e(e). Winding did not allege that he suffered any physical injury as a result of Proctor's pushing him against the wall. Thus, he is not entitled to any compensatory damages for emotional distress arising out of that incident. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). Winding's complaint about the physical injuries that he sustained when he was stabbed by Proctor in 2004 was addressed in another one of his civil rights cases, and his allegations do not reflect a causal connection between those physical injuries and the conduct of any defendants in the instant case. *See James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

Winding is not entitled to obtain punitive damages or injunctive relief because he has failed to show that it is likely that he can successfully prove a constitutional violation based on the defendants' failure to protect him. *See Hutchins v. McDaniels,* 512 F.3d 193, 198 (5th Cir. 2007); *Geiger*, 404 F.3d at 375. A prison official violates the Eighth Amendment when the inmate "is

No. 10-60633

incarcerated under conditions posing a substantial risk of serious harm" and the prison official acted with deliberate indifference to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Winding has not alleged any facts demonstrating that any of the defendants were aware that he and Proctor would be in the hallway at the same time or that the incident was the result of the defendants' intentional or reckless disregard for Winding's safety. *See Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Winding has not shown an abuse of discretion in the dismissal of his complaint as frivolous or in the denial of his postjudgment motion. *Harper*, 174 F.3d at 718; *Johnson*, 597 F.3d at 677.

Winding's appeal lacks any issue of arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2. Winding is advised that the district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous count as two strikes for purposes for 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Winding has already accumulated two strikes under § 1915(g) in *Winding v. The Geo Group, Inc.*, 2010 WL 5299869 (5th Cir. Dec. 27, 2010) and in *Winding v. Grimes*, 2010 WL 5299868 (5th Cir. Dec. 27, 2010), and, thus, Winding has now accumulated four strikes. Winding is advised that he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Winding has filed motions to supplement the record with a copy of the Mississippi Department of Corrections policy to protect inmates, to submit documents filed in his state and federal habeas proceedings, to file his 2004 medical records, and to file documents showing Proctor's propensity for violence. His motions are denied.

APPEAL DISMISSED; SANCTION BAR IMPOSED; MOTIONS DENIED.

3