# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2011

No. 10-30598

Lyle W. Cayce
Clerk

SUNETH WAAS,

Plaintiff-Appellant

v.

IKAN MEXICO MV; PACORINI HOLDING LLC,
as successor to Pacorini USA, Inc.; KK SHIPPING MARITIME S.A.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4334

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Suneth Waas appeals the District Court's judgment for Appellees on his negligence claims. While working for a third-party cargo interest as a marine surveyor, Waas fell from a Jacob's ladder rigged by the stevedore, Appellee Pacorini Holding, LLC, between a river barge and the M/V IKAN MEXICO, owned by Appellee KK Shipping Marine S.A. Waas filed suit against Pacorini and KK Shipping, claiming negligence under the Longshore Harbor Worker's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30598

Compensation Act, 33 U.S.C. §§ 901 *et seq.* and general maritime law.  Both Pacorini and KK Shipping moved for summary judgment, and the District Court granted their motions, dismissing Waas's claims.  Waas filed a Rule 59(e) post-judgment motion to alter judgment, which the District Court denied.  Waas timely appealed.  We review a district court's grant of summary judgment *de novo*, *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008), and denial of a motion to alter judgment under Rule 59(e) for an abuse of discretion, *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).  We affirm.

The District Court held that Pacorini owed Waas a duty of ordinary care and that Pacorini did not breach that duty.  Waas argues that the District Court improperly focused on the duty of care and failed to address Waas's argument that Pacorini breached its warranty of workmanlike performance.  However, the warranty of workmanlike performance is not applicable to this case because it is a principle of contribution and indemnity between defendants.  *See generally* 1 THOMAS J. SCHOENBAUM, ADMIRALTY & MAR. LAW § 5-8 (4th ed. 2010) (discussing the limited use of the warranty of workmanlike performance).

Next, citing no authority for the proposition, Waas contends that by allowing Waas to use its ladder, Pacorini's duty of care became heightened.  Under maritime law, Pacorini's duty is defined using general tort law.  *In re Signal Int'l, LLC*, 579 F.3d 478, 491 (5th Cir. 2009).  "The determination of the existence and scope of a duty involves a number of factors, including most notably the foreseeability of the harm suffered by the complaining party." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 211 (5th Cir. 2010) (internal quotation omitted).  Based on testimony in the record, the District Court found that the use of a Jacob's ladder was a standard practice in the industry.  And, there was no evidence that the ladder itself was defective.  Pacorini acted with reasonable care. Nor do 29 C.F.R. §§ 1915.74 and 1918.23(d) operate to increase the duty Pacorini owed Waas, because they regulate the duty owed by an

2

No. 10-30598

employer to its employees, and Pacorini was not Waas's employer. Pacorini owed Waas a duty of ordinary care, which it did not breach.

The District Court also held that the vessel's owner, KK Shipping, did not have a duty to intervene to prevent use of the Jacob's ladder without fall protection. Waas argues that a jury should have been allowed to determine whether Pacorini's judgment in using the Jacob's ladder without fall protection was "obviously improvident," triggering the duty to intervene. However, because as we explained above Pacorini's employment of the Jacob's ladder was standard practice in the industry and the ladder itself was not defective, the duty to intervene did not arise as a matter of law. *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1249 (5th Cir. 1997) ("[I]n order for the expert stevedore's judgment to appear 'obviously improvident,' that expert stevedore must use an object with a defective condition that is so hazardous that anyone can tell that its continued use creates an unreasonable risk of harm even when the stevedore's expertise is taken into account."). KK Shipping had no duty to intervene.

Waas also argues that the District Court erred in denying his motion to alter the judgment under Rule 59(e). The District Court concluded that even in light of Waas's other theories of negligence, Pacorini owed a duty of reasonable care, which it did not breach. We cannot say that the District Court abused its discretion when it denied Waas's Rule 59(e) motion to alter the judgment.

AFFIRMED.

3