# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2011

Lyle W. Cayce
Clerk

No. 10-40780
Summary Calendar

LARRY HUDSON, JR.,

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH; M.D. JAMES MASHBURN
FITTS, In His Individual Capacity;  LICENCED  VOCATION NURSE KEITH
WEBB, In His Individual Capacity; TDCJ-ID; WARDEN OSCAR MENDOZA,
In His Individual Capacity; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION; DR. OWEN MURAY, In His Official Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-254

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Larry Hudson, Jr., Texas prisoner # 1218900, instituted this action under
42 U.S.C. § 1983 seeking redress for alleged acts of retaliation and deliberate
indifference to his serious medical needs.  On appeal, Hudson challenges the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's decisions to grant the defendants' motion for summary judgment and deny Hudson's motion under Federal Rule of Civil Procedure 59(e). Hudson also moves this Court for appointed counsel. We affirm the district court's grant of summary judgment, find no abuse of discretion in the denial of the Rule 59(e) motion, and deny the motion to appoint counsel.[1]

We review a grant of summary judgment de novo, applying the same standard as the district court.[2] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The non-moving party cannot defeat summary judgment by resting on the allegations of his complaint, forwarding conclusory allegations and unsubstantiated assertions, or raising nothing more than "metaphysical doubt as to the material facts."[4]

Hudson first contends that the district court erred by granting summary judgment on his Eighth Amendment claim of deliberate indifference to serious medical needs. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[5]

---

[1] The district court also granted summary judgment to a defendant against whom Hudson had sought injunctive relief in the form of a transfer out of the prison unit where Hudson was then housed. Because Hudson was subsequently transferred out of that unit, the district court dismissed Hudson's request for injunctive relief on mootness grounds. Although this determination was certainly correct, *see Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001), Hudson waived any challenge thereto by failing to raise it in his opening brief, *see United States v. Elashyi*, 554 F.3d 480, 494 n.4 (5th Cir. 2008).

[2] *See, e.g.*, *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

[3] FED. R. CIV. P. 56(a).

[4] *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir.), *cert. denied*, 131 S. Ct. 355 (2010).

[5] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

This is "an extremely high standard to meet."[6] Hudson has failed to meet it. Hudson suffers from diabetes and a bacterial infection of the stomach. He alleges that the defendants refused to give him a certain type of insulin, ignored his complaints about adverse reactions to medicine, and intentionally misdiagnosed his diabetes. These allegations do not create a genuine factual dispute as to whether the defendants were deliberately indifferent to Hudson's medical needs. In a laudably thorough opinion. the magistrate judge detailed each of the numerous occasions on which Hudson sought treatment from the prison medical staff for diabetes- or stomach-infection-related complications. Each time, the defendants provided appointments, food, treatment, medication, counseling, and education.[7] The evidence overwhelmingly shows that each individually named defendant responded to Hudson's medical needs in a professionally competent manner. The fact that Hudson sometimes requested or would have preferred a different course of treatment does not establish that prison officials were deliberately indifferent in treating him.[8]

The district court was also correct to grant summary judgment on Hudson's claim that the defendant James Fitts unconstitutionally retaliated against him. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a

---

[6] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation and internal quotation marks omitted).

[7] *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

[8] *See Gobert*, 463 F.3d at 346 (explaining that "a prisoner's disagreement with his medical treatment" is not enough to make out deliberate-indifference claim); *Murrell v. Bennett*, 615 F.2d 306, 310 n.4 (5th Cir. 1980) (noting that "deliberate indifference" involves "something more than a medical judgment call").

retaliatory adverse act, and (4) causation."[9]  Hudson has no evidence as to the third of these elements.  Hudson alleges that Fitts "jumped in [Hudson's] face" and "cussed" at him and later threatened to dilute Hudson's insulin with water after Hudson filed a grievance against Fitts.  But a prison official's mere use of threatening language, without more, does not constitute a retaliatory adverse act.[10]  Hudson has not pointed to any evidence in the record that shows that Fitts caused him to suffered a concrete, tangible harm.  His statement in his affidavit that he "believe[s]" his insulin was watered down is not enough.[11]

Third, Hudson's challenge to the district court's denial of his Rule 59(e) motion is likewise unavailing.  The motion simply regurgitated arguments Hudson had previously presented and did not rely upon newly discovered evidence.  The denial of the motion was not an abuse of discretion.[12]

Finally, Hudson is not entitled to the appointment of appellate counsel. There is no right to appointed counsel in civil cases, and we do not appoint counsel unless the case presents extraordinary circumstances warranting an appointment.[13]  An examination of Hudson's pleadings and the appellate record shows that Hudson is capable of understanding the relevant evidence and presenting his own arguments.

The judgment of the district court is AFFIRMED, and Hudson's motion for the appointment of counsel is DENIED.

---

[9] *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999).

[10] *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).

[11] *See Thomas v. Atmos Energy Corp.*, 223 F. App'x 369, 375 (5th Cir. 2007) (per curiam) (unpublished) ("[F]acts alleged on ... 'belief' ... are not sufficient to create a genuine issue of fact.' (quoting *Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978))).

[12] *See Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989).

[13] *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).