# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2012

No. 11-40740
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL STOUT,

Plaintiff-Appellant

v.

ALETHEA NORTH-WILLIAMS; STACEY LEBLANC; UNKNOWN
MCINTYRE, Security Sergeant,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-67

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Stout, Texas prisoner # 1282657, has appealed the district court's order and judgment granting the motions for summary judgment of defendants Alethea North-Williams and Stacey LeBlanc for failure to exhaust state remedies. He has also appealed the district court's order denying his motion to alter or amend the judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stout has moved to supplement the record on appeal, and he has attached documents to his brief that are not in the record. The motion is DENIED. *See Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 296 (5th Cir. 1987). We have not considered the documents attached to Stout's brief.

Stout complains of the district court's denial of his motion for appointment of counsel. Stout has not shown that exceptional circumstances required appointment of counsel. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

We review de novo a district court's summary judgment dismissal of a 42 U.S.C. § 1983 complaint for failure to exhaust. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and [of] identifying those portions of [the record] which it believes demonstrate the absence of a genuine" dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Since exhaustion is an affirmative defense, the burden is on the Appellees to demonstrate that [Stout] failed to exhaust available administrative remedies." *Dillon*, 596 F.3d at 266.

Stout contended in his amended complaint that he was assaulted and seriously injured by members of a prison gang that had put a "hit" on him. He also claimed that North-Williams, a prison guard, failed to protect him from the assault. In an affidavit submitted in support of North-Williams's motion for summary judgment, Sandra Murphy, the Texas Department of Criminal Justice Administrator of Offender Grievances, stated that she had reviewed Stout's

No. 11-40740

grievance records for the period between June 2008 and April 2009 and that four Step 1 grievances were returned unprocessed to Stout because of Stout's failure to follow prison guidelines for filing grievances. The summary judgment evidence reflects that Stout failed to comply with the prison's administrative deadlines and procedural rules and that he did not completely exhaust his administrative remedies with respect to his claims against North-Williams. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The district court did not err in granting North-Williams's motion for summary judgment. *See Dillon*, 596 F.3d at 266. The judgment is affirmed in part.

Stout's claims against LeBlanc, who was a State Classification Committee board member, pertain to her August 13, 2007, decision denying Stout placement in safe keeping. LeBlanc asserted in her motion for summary judgment that she had "found no record independent of the pleadings that Plaintiff ha[d] filed any grievance against her, either before or after the incident in question." This statement was not verified and was not supported with an affidavit. Murphy did not state in her affidavit that she had reviewed Stout's grievance records for the period between LeBlanc's adverse decision and June 2008. LeBlanc has failed to carry her initial burden of proof as to her affirmative defense that Stout failed to exhaust his administrative remedies. *See Jones*, 549 U.S. at 216; *Dillon*, 596 F.3d at 266.

Stout attached to his verified motion to alter or amend the judgment documents indicating that he filed Step 1 grievance number 2007208753 complaining of life endangerment on August 15, 2007, and that he filed a Step 2 grievance in the same matter on December 28, 2007. This new evidence indicated that there was a genuine issue of fact as to whether Stout had exhausted his claims against LeBlanc. *See Johnson*, 385 F.3d at 515.

The district court erred in granting LeBlanc's motion for summary judgment, and it abused its discretion in denying the motion to alter or amend

3

No. 11-40740

the judgment.  *See Dillon*, 596 F.3d at 266; *Johnson v. Diversicare Afton Oaks, L.L.C.*, 597 F.3d 673, 677 (5th Cir. 2010).  The judgment is vacated in part and remanded for further proceedings.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.