# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2013

No. 13-30362

Lyle W. Cayce
Clerk

JACKIE B. SERIGNY, Individually and on behalf of the Estate of Wayne A. Serigny,

      Plaintiff - Appellant

v.

LAFOURCHE PARISH GOVERNMENT, through Charlotte Randolph, Parish President,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No:2:10-CV-3205

Before STEWART, Chief Judge, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jackie Serigny appeals the district court's grant of summary judgment in favor of Lafourche Parish Government in her wrongful death suit against the parish. For the following reasons, we AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

13-30362

## FACTS AND PROCEEDINGS

Jackie Serigny ("Serigny") brings this appeal on behalf of herself and the estate of her late husband, Wayne Serigny. Mr. Serigny served a 30-day sentence in the Lafourche Parish Detention Center that began on September 21, 2009. *Serigny v. Lafourche Parish Gov't*, No. 10-3205, 2012 WL 3548029 (E.D. La. Aug. 16, 2012). Initially, Mr. Serigny showed no signs of emergency medical needs and denied that he had fever, chills, night sweats, or weight loss. During his incarceration, however, Mr. Serigny complained of pain in his throat and mouth. He was treated at the prison infirmary, whose staff was contracted through Correcthealth Lafourche, LLC ("Correcthealth"). Upon his release, Mr. Serigny sought treatment from a personal physician and specialist who diagnosed him with incurable throat cancer. Mr. Serigny died on December 16, 2009.

All clinical staff members of Correcthealth are licensed or certified health care providers in the State of Louisiana. Correcthealth as a company was not enrolled with the Louisiana patient's compensation fund until August 10, 2011.

Serigny initially alleged claims pursuant to 42 U.S.C. § 1983 for violations of the constitutional right to be free from cruel and unusual punishment, as well as state law negligence claims against a wide array of defendants involved in the provision of medical care at the prison. The district court dismissed Serigny's claims against the parish one by one, culminating in an August 16, 2012 summary judgment order dismissing with prejudice all claims against the parish.

After the dismissal, Serigny made a motion to amend the judgment, requesting that the court vacate its order granting summary judgment. Serigny

2

argued that this was appropriate because she had new evidence that Correcthealth was not properly licensed and qualified. The evidence presented was a one-page letter from the Department of Health and Hospitals, Bureau of Health Services Financing, stating that "there are no records available for Correcthealth Lafourche, LLC." The court denied the motion. Serigny appeals.

## STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo, applying the same standard as the district court. *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 694 (5th Cir. 2011). This court reviews a denial of a Rule 59 motion under an abuse of discretion standard. *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).

## DISCUSSION

Serigny raises two issues: the grant of summary judgment in favor of the parish and the denial of her Rule 59 motion. Both contentions concern the proper reading of section 703 of the Louisiana Revised Statutes, which reads as follows:

> In lieu of appointing a physician, the governing authority of any parish may enter into a contract with a health care provider, licensed or regulated by the laws of this state, to provide requisite health care services, as required in this Section. . . . The sole responsibility of the governing authority of each parish which is mandated by the provisions of this Section with respect to providing health care services for prisoners shall be the appointment of a physician and the payment of the salary of that physician or its contractual obligations with a health care provider selected in accordance with this Section. The parish and its governing authority shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider, whether ex delicto or ex quasi delicto or ex contractu, by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing

authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section, and such gross negligence or willful misconduct was a substantial factor in causing the injury.

La. Rev. Stat. Ann. § 15:703.

The statute defines "health care provider" as

a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed or regulated by the laws of this state to provide health care services or professional services as a physician and qualified as such in accordance with R.S. 40:1299.42.

*Id.* Section 40:1299.42 is Louisiana's Medical Malpractice Act, which provides a limitation on liability in exchange for health care providers "qualifying" by paying into a patient compensation fund. La. Rev. Stat. Ann. § 40.129.42(A).

## I. Grant of Summary Judgment

Serigny argues that the parish failed to comply with section 703(B) of Title 15 of the Louisiana Revised Statutes and that its noncompliance divests it of immunity. Serigny has presented some evidence that Correcthealth was not properly qualified under the Medical Malpractice Act because the company had not filed under the Act at the time they were treating the prisoner. As the district court noted, though, the Chief Legal Officer for Correcthealth declared that "all clinical staff members of Correcthealth are licensed or certified health care providers in the State of Louisiana." *Serigny,* 2012 WL 3548029 at *3. Since a health care provider may either be a "limited liability company" or a "person," we likewise conclude the district court was not in error in finding that the parish government fulfilled its obligation to provide a health care provider under the statute, and was not liable absent gross negligence that was a

substantial cause of Mr. Serigny's injuries.  Serigny has presented no evidence of gross negligence on the part of the parish and no evidence that the parish's actions were a substantial cause in Mr. Serigny's death.

II.  Denial of Rule 59 Motion

Serigny contends that the district court abused its discretion in failing to grant her Rule 59(e) motion.

> A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.

*Johnson*, 597 F.3d at 677 (internal quotation marks omitted).

Serigny argues that she presented significant newly discovered evidence. The letter she submitted suggests that Correcthealth was not properly licensed in the state of Louisiana. We find this evidence is essentially cumulative with the evidence previously presented.  Both tend to establish that Correcthealth was not properly licensed and qualified in the state.  This new fact does not change our analysis: since the health care providers themselves were qualified and certified, the parish fulfilled its obligations under Section 703.  We hold that the district court did not abuse its discretion.

## CONCLUSION

For the reasons stated above, we AFFIRM.